IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00809-WDM-CBS

CHARLES WHALEN,
    Plaintiff,
v.

WILEY, et al.,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Whalen's "Motion for Class Action Certification" (filed September 6, 2006) (doc. # 32). Pursuant to the Order of Reference dated August 9, 2006 (doc. # 16) and the memorandum dated September 13, 2006 (doc. # 34), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Whalen summarily contends

> that there are: 1) Questions of law or fact common to the class. 2) The claims or defenses of the representative party is typical of the class and/or defenses of the class. 3) The representative party will fairly represent the class, and 4) The class number cannot be numbered precisely and every potential member who has exhausted the administrative remedy procedure cannot be identified. 5) Parties interested in filing joinders have contacted the Court and will continue to do so because they cannot afford to file as individuals.

To proceed as a class action, Whalen has the burden of demonstrating that all the prerequisites for proceeding under Fed. R. Civ. P. 23 have been satisfied. *Cook v. Rockwell International Corp.*, 151 F.R.D. 378, 381 (D. Colo. 1993). More specifically, Whalen must establish each of the four requirements established under Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Id.* In addition, the party seeking class

certification must establish that the case falls within one of the subcategories set out in Rule 23(b). *Id.* A district court is accorded broad discretion in determining whether a suit should proceed as a class action. *Fink v. National Savings and Trust Co.*, 772 F.2d 951, 960 (D.C. Cir. 1985).

Viewing Whalen's Motion in the most favorable light, the court will presume that he seeks certification under Rule 23(b)(2) and (b)(3), which requires a showing that Defendants have acted on grounds generally applicable to the class, and that questions of law and fact common to the class predominate over any questions affecting only individual members, making a class action superior to other available methods for the fair and efficient adjudication of the controversy.

First, Whalen has not made a sufficient showing to satisfy Rule 23(a)(4), which requires that the class representative "will fairly and adequately protect the interests of the class." While a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). *See also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action") (citations omitted); *Wallace v. Hutto*, 80 F.R.D. 739, 740 (W.D. Va. 1978) ("It is plain error to permit an imprisoned litigant, who is unassisted by counsel, to represent fellow inmates in a class action"). The court also notes the logistical and administrative constraints that exist for any *pro se* inmate litigant. *See Cook*, 151 F.R.D. at 387 (noting that a factor in determining the adequacy of representation is the class representative's resources to investigate class claims and to contact other class members). Unless all the requirements of Rule 23(a) are satisfied, a plaintiff may not sue as a representative party. Whalen may not maintain this suit as a class action, based upon his lack of legal training and expertise. He may, however, continue individually to pursue his claims.

Next, the claims asserted in this case largely allege injuries personal only to Whalen

and factually only applicable to the history of his treatment in the Special Housing Unit at the hands of the allegedly offending officials.  (*See, e.g.,* Complaint at ¶¶ 16, 22, 28-30 (implicating specific incidents and facts that inure to Whalen personally and not necessarily to any other inmates).  Whalen seeks only monetary damages.

Further, to the extent that it could be construed to seek relief that would inure to the benefit of all inmates similarly situated, the Complaint obviates the need for class certification.  "Where 'the very nature of the rights [sought to be vindicated] requires that the decree run to the benefit not only of the named plaintiffs but also for all persons similarly situated . . . then it is unnecessary to determine whether a class action is proper."  *Cook v. Luckett*, 575 F. Supp. 485, 489 (S.D. Miss. 1983), *judgment vacated on other grounds,* 735 F.2d 912 (5th Cir. 1984).  *See also* Fed. R. Civ. P. 23(b)(2) (class certification unnecessary in the absence of any showing that defendants would not make any "appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole.");  *Hickson v. Burkart*, 110 F.R.D. 177 (E.D. W.Va. 1986) (holding that class certification was unnecessary in action brought by inmate).

Recognizing that a decision on class certification is not irreversible, the court concludes that certification under Fed. R. Civ. P. 23 is not appropriate or necessary at this time.  Accordingly,

IT IS RECOMMENDED that Whalen's "Motion for Class Action Certification" (filed September 6, 2006) (doc. # 32) be DENIED without prejudice to renewal in the event that circumstances arise that render class certification necessary to the litigation.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir.

2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 15th day of September, 2006.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge